# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### AT MEMPHIS

| | | | |
|---|---|---|---|
| **ROHAN PETERS,** | * | | |
| | * | | |
| **Plaintiff,** | * | | |
| | * | | |
| **v.** | * | **No.** | _____ |
| | * | | **Jury Demanded** |
| | * | | |
| **INTERNATIONAL PAPER COMPANY,** | * | | |
| | * | | |
| **Defendant.** | * | | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Rohan Peters, by and through counsel, The Crone Law Firm PLC, and in support of this Complaint filed against Defendant International Paper Company (hereinafter "Defendant" or "IP"), would respectfully represent unto the Court as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this action for wrongful termination and retaliation arising out of Defendant's discrimination based on his race in violation of Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000e).

## PARTIES

2. Plaintiff, Rohan Peters ("Mr. Peters" or "Plaintiff"), is an adult resident residing in Shelby County, Tennessee.

3. Defendant International Paper Company is a New York State Corporation authorized to do business within the state of Tennessee, and doing business in Shelby County, Tennessee. At

1

all times material to this lawsuit, Defendant was doing business in Shelby County, Tennessee. At all times relevant herein, Defendant was an employer.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically 42 U.S.C. §2000.

5. The Western District of Tennessee, Western Division, has personal jurisdiction over Defendant because Defendant conducts business in this Judicial District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 13119(b) because a substantial part of the events giving rise to the claim occurred in this District and because Defendant can be found in this District.

7. Further, Plaintiff has exhausted his administrative remedies through the Equal Employment Opportunities Commission and was issued his Notice of Right to Sue on March 3, 2022.

## FACTS

8. Plaintiff began working for the Defendant on August 15, 2011.

9. Plaintiff was employed as a Pilot, and was a valued, competent, and qualified employee of Defendant.

10. Plaintiff was the only African American pilot employed by Defendant.

11. Plaintiff consistently received positive reviews from supervisors while employed with the Defendant.

12. In March 2019, an unknown employee of Defendant placed a "voodoo doll" on Plaintiff's desk in his workplace, greatly offending Plaintiff.

13. Soon afterward, Plaintiff filed an internal complaint with Paul Barrett Mann ("Mann"), IP's Director of Operations. Mann is White.

14. Jessica Hamed ("Hamed"), IP Human Resources Manager, investigated Plaintiff's complaint and promptly dismissed the action merely as "someone was playing a joke" on Plaintiff. Hamed is White.

15. When Plaintiff said the "joke" was offensive to him, Mann and/or Hamed's only recommendation was that he take anger management classes.

16. Mark Audiss ("Audiss") is Chief Pilot at IP. Mr. Audiss is White.

17. Beginning in June 2019, Audiss subjected Plaintiff to unequal treatment in the office.

18. Plaintiff was harassed, disciplined, given extra assignments, and treated less favorably than white pilots at IP.

19. In December 2019, Plaintiff filed an internal complaint regarding Audiss' behavior with IP's Human Resources Department. The Department took no action at any point.

20. In April 2020, Audiss gave Plaintiff a below-average performance review.

21. Plaintiff filed another internal complaint with Human Resources, and again no action was taken.

22. In November 2020, Audiss accused Plaintiff of "not being a team player," and placed Plaintiff on a Management Improvement Plan ("MIP").

23. On January 27, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC Charge"). Plaintiff did this because he had filed two internal complaints at IP and received no relief or assistance.

24. After Plaintiff filed the EEOC Charge, Audiss' unequal treatment of Plaintiff continued and

escalated, consisting of groundless disciplinary measures, as well as additional responsibilities and assignments that were not given to white pilots.

25. Under the MIP and a Performance Improvement Plan ("PIP"), Plaintiff was forced to attend one-on-one meetings with Audiss. From December 22, 2020 through March 25, 2021, these meetings occurred monthly; from April 2, 2021 through June 18, 2021, the meetings' frequency increased to a weekly requirement.

26. The imposition of the MIP and PIP was discriminatory and retaliatory.

27. The stated purpose of these meetings was to address outstanding issues with Plaintiff's performance, and to provide Plaintiff with the opportunity to correct issues and receive feedback from Audiss on Plaintiff's performance.

28. Plaintiff always took steps to correct any issues that were raised during these meetings, performed any tasks related to the MIP and/or the PIP, and met and exceeded Audiss' reasonable expectations.

29. On July 19, 2021, Plaintiff met with Hamed, Mann, and Audiss. Plaintiff was presented with a severance agreement and told that his employment was being terminated immediately.

30. Hamed and Audiss told Plaintiff that the termination was due to Audiss subjectively concluding that Plaintiff had failed to meet the requirements of his PIP. When asked, Audiss could not name any objective basis for this conclusion.

31. None of IP's white pilots were subjected to the level of scrutiny that Plaintiff received from Audiss. No other pilots were required to take on multiple projects at a time.

32. This treatment by Audiss was racially motivated.

33. Audiss' harassment and discrimination increased after Plaintiff's original internal complaint,

and escalated further after Plaintiff filed the EEOC Charge.

34. Plaintiff was terminated because of his race, as well as in retaliation for filing an internal complaint of racial discrimination and filing the EEOC Charge.

## COUNT I – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. Plaintiff incorporates by reference Paragraphs 1-35 as if fully set forth herein.

36. Defendant has engaged in unlawful retaliatory practices in violation of 42 U.S.C. § 2000e-3(a) by subjecting Mr. Peters to unnecessary disciplinary measures, judging Mr. Peters' work according to unreasonable standards, instituting an unnecessary Management Improvement Plan and Performance Improvement Plan against Mr. Peters, and terminating the employment of Mr. Peters. All of this was done because Mr. Peters filed complaints with IP's Human Resources Department and the EEOC.

37. As detailed above, Mr. Peters filed multiple complaints with IP's Human Resources department; IP took no action to investigate and/or remedy these complaints.

38. As detailed above, Plaintiff received a below-average performance review when his performance had been comparable to white pilots who received positive reviews.

39. As detailed above, after filing his complaints with HR and the EEOC, Plaintiff was unnecessarily subjected to a Management Improvement Plan and Performance Improvement Plan.

40. As detailed above, Plaintiff was subjected to disciplinary measures that were not levied against his white peers at IP.

41. After Plaintiff filed his initial complaint with the EEOC, Defendant subsequently subjected Plaintiff to further scrutiny and harassment, well above that experienced by similarly situated white employees.

42. Plaintiff was treated more harshly than similarly situated white pilots at IP.

43. Defendant's stated reasons for these disciplinary measures against Plaintiff were merely a pretext, as Plaintiff met and exceeded Audiss' reasonable expectations.in the PIP; the actual reason for Defendant's actions was retaliation for Plaintiff's filing of complaints with Human Resources and the EEOC.

## COUNT II – RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44. Plaintiff incorporates by reference Paragraphs 1-43 as if fully set forth herein.

45. Defendant has engaged in unlawful racial discrimination in violation of 42 U.S.C. § 2000e-2(a) by subjecting Mr. Peters to unnecessary disciplinary measures, judging Mr. Peters' work according to unreasonable standards, instituting an unnecessary Management Improvement Plan and Performance Improvement Plan against Mr. Peters, and terminating the employment of Mr. Peters. All of these actions were motivated by Mr. Peters' race, which is African-American.

46. Although the Defendant made it appear as though the Plaintiff was not meeting the expectations of his position with the Defendant, this is unfounded and merely pretext for their termination.

47. Defendant subjected Plaintiff to unreasonably harsh disciplinary measures, held Plaintiff to more stringent standards than Plaintiff's white peers, and terminated Plaintiff in a situation when a similarly situated white employee would not have been terminated.

48. Defendant terminated Plaintiff's employment on July 19, 2021; Defendant claimed that Plaintiff had failed to meet the terms of the MIP and PIP to which Plaintiff had been subjected.

49. Although the Defendant made it appear as though the Plaintiff was not meeting the expectations of his position, this is unfounded and merely pretext for their termination.

50. The true reason for Plaintiff's termination was racial discrimination on the part of Defendant; the reason given for Plaintiff's termination is merely pretext for the Defendant to unlawfully terminate the Plaintiff.

51. There was a causal connection between Plaintiff's race and his termination.

52. Plaintiff has suffered and will continue to suffer damages of loss of income and benefits as the result of this wrongful termination, for all of which he should be compensated.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. That this Court declare such practices of Defendant unlawful and enjoin Defendant from any further acts of unlawful retaliation in employment;

2. That this Court award to Mr. Peters, in lieu of reinstatement, front pay and benefits until such time as he finds comparable employment;

3. That this Court award Mr. Peters all wages and other benefits, including backpay and damages to fully compensate him for loss of earnings and fringe benefits, plus pre-

judgment interest, which he would have received but for the discriminatory treatment by Defendant up to the date that Plaintiff acquires similar employment;

4.      That this Court award Mr. Peters compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and embarrassment, and other non-pecuniary losses he has suffered as a result of Defendant's retaliation and discrimination;

5.      That this Court award Plaintiff costs and reasonable attorney's fees in this cause of action; and

6.      That this Court award Plaintiff any and all such other and further relief, both general and specific, as may be deemed just and proper.

**Mr. Peters Demands A Jury To Try The Issues When Joined.**

Respectfully submitted,

/s/ Alan G. Crone
Alan G. Crone, TN Bar No. 014285
Adam Remsen, TN Bar No. 026548
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, Tennessee 38103
Phone: (901) 737-7740
Fax: (901) 474-7926
acrone@cronelawfirmplc.com
aremsen@cronelawfirmplc.com

*Attorney for Plaintiff*