IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ROHAN PETERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 2:22-cv-02132-JPM-atc |
| v. ) | |
| ) | |
| **INTERNATIONAL PAPER** | |
| **COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE SPOUSAL COMMUNICATIONS**

Before the Court is Plaintiff's Motion in Limine to Exclude Spousal Communications, and Defendant's Response in Opposition. (ECF Nos. 78, 94.) Plaintiff moves to exclude references to, or introduction of, a recorded conversation between Plaintiff and his wife. (ECF No. 78 at PageID 1264.) Defendant counters that the conversation is not covered by the privilege, any privilege that existed was waived, that the communications are "highly relevant[,]" and that they are not unfairly prejudicial. (ECF No. 94 at PageID 1435.)

Plaintiff argues that the conversation is covered by the marital communications privilege, is not relevant, and that any potential probative value is outweighed by unfairly prejudicial effect. (Id.) Plaintiff argues that the conversation has no relevance, and no probative value because "[t]he conversation was solely between Plaintiff and Mrs. Peters during a time of significant stress for them both [and] [n]o employee, agent, or representative of Defendant was present to the conversation nor was Defendant aware of the conversation when it decided to terminate Plaintiff's

employment." (ECF No. 78-1 at PageID 1271.)  Plaintiff also argues that the conversation was made in confidence because "they were the only parties present to the conversation [as] Ms. Jardine had left the conversation before the exchange between Plaintiff and Ms. Peters." (ECF No. 78-1 at PageID 1270.)

Defendant counters that the privilege does not apply because the conversation was not made in confidence.  (ECF No. 94 at PageID 1436.)  Defendant argues that because "Plaintiff recorded the conversation between his wife and himself and then produced the recording in litigation[,]" and because "Plaintiff . . . voluntarily disclosed the audio recording of the conversation" and discussed it in deposition without objection, the conversation was never intended to be confidential and any privilege that existed was waived.  (Id. at PageID 1437.)  Defendant argues that the recording is relevant because it tends to show facts which would support Defendant's claim that Plaintiff's termination was not pretextual,[1] and would likely be relevant to rebut claims they anticipate Plaintiff will make about when he received a written plan and his ability to complete that plan.  (Id. at 1439.)  Defendant finally argues that the use of two expletives "is not inflammatory language which would cause a jury to make a decision on an improper basis [and] . . . does not rise to the level of substantially outweighing the high probative value of the conversation." (Id. at PageID 1441.)

The conversation, which is included at the end of a recording made by Plaintiff of a call between Plaintiff and Jessica Jardine, is reported as follows:

---

[1] Defendant argues the conversation is relevant to show: "1) Plaintiff's knowledge of Defendant's warnings and guidance regarding his completion of his developmental plan after Plaintiff failed to create the plan; (2) he objected to completing the plan; (3) that he had time to complete the plan but failed; (4) that his wife encouraged him to complete the plan and even offered to help him, but he refused[;] (5) that he had received a developmental plan template . . .[;] and ([6]) that Plaintiff was searching for other jobs in December 2020." (ECF No. 94 at PageID 1440.)

>MRS. PETERS: When you were objecting, I said, Rohan, write some bullshit up you can use, right, because they gave you time over the weekend. You tell me—(inaudible)-you can write something up. No, because I don't understand.
>
>PLAINTIFF: No, what do they want to do.
>
>MRS. PETERS: I will—(inaudible)—with you. It's just bullshit, Rohan. Go through the bullshit and they will leave you alone. They're trying to find something else. If you get fired, it could prevent you from getting something else.
>
>PLAINTIFF: That's true.
>
>MRS. PETERS: All right. So even if you found, you still need to go through it and stay employed until you get something else.
>
>PLAINTIFF: Uh-huh.
>
>MRS PETERS: So look through the thing. If you want me to help you, I will help you.
>
>PLAINTIFF: Shh. Right now I don't want to hear anything, right. I'm just pissed off. So leave me—shh, you leave me alone. Like I said, leave it alone please. Thank you. I appreciate it. Thank you very much.
>
>MRS PETERS: And that's what you do, I mean, you—
>
>PLAINTIFF: Why won't you fucking leave me alone. Don't you understand? You can't shut the fuck up, can you?

(ECF No. 78-1.)

Asserting the confidential marital communications privilege would require Plaintiff to show 1) at the time of the communication, there was a marriage recognized as valid by state law, 2) the utterances or expressions at issue were intended by one spouse to convey a message to the other, and 3) the utterances or expressions at issue were made in confidence. United States v. Underwood, 359 F.3d 386, 390 (6th Cir. 2017) (citing United States v. Porter, 986 F.2d 1014 (6th Cir. 1993)). "Whenever a communication, because of its nature or the circumstances under which is was made, was obviously not intended to be confidential, it is not a privileged communication." Wolfle v. United States, 291 U.S. 7, 14 (1934). The privilege is waived by voluntary disclosure

of otherwise privileged communications. Wolfle, 291 U.S. at 14-15. "[A] party waives the marital communications privilege when he 'fails to take adequate precautions to maintain . . . confidentiality." United States v. Hamilton, 701 F.3d 404, 409 (4th Cir. 2012) (citing SEC v. Lavin, 111 F.3d 921, 930 (D.C. Cir. 1997); United States v. de la Jara, 973 F.2d 746, 749-50 (9th Cir. 1992)). In Fraser v. United States, the Court of Appeals for the Sixth Circuit found that the confidential marital communications privilege was waived when Plaintiff answered deposition questions about communications with his wife after asserting the privilege. 145 F.2d 139, 144 (6th Cir. 1944); see also Edwards v. Whitaker, 868 F.Supp. 226, 229 (M.D. Tenn 1994).

Any privilege that may have existed over the Peters' recorded conversation has been waived repeatedly and completely. Unlike Fraser, there was no prior assertion of privilege. Mr. Peters made a recording that included communications between him and his spouse, disclosed it as part of discovery without objection or privilege log, made no attempt at claw back, discussed the communications and their content in his deposition without objection from counsel, and now attempts to assert privilege fifteen months later, on the eve of trial. Plaintiff has taken no precautions to maintain confidentiality.

Plaintiff's communication with his spouse is relevant under Federal Rule of Evidence 401. Evidence is relevant where "it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the conversation tends to make the following facts more or less probable: 1) that Mr. Peters was aware of the remedial plan discussed with Jessica Jardine in the prior phone call; 2) that he objected to completing the plan; 3) that he responded poorly to receiving criticism; and 4) that he did not understand the plan. (See ECF No. 94 at PageID 1444. (deposition testimony summarizing and interpreting recorded conversation).) Each of these facts in turn is of

consequence to determining the action: they go directly to Defendant's alleged non-retaliatory reasons for terminating Mr. Peters, including failing to complete the remedial plan and responding poorly to criticism.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403." United States v. Sanders, 95 F.3d 449, 453 (6th Cir. 1996.) Plaintiff's argument that the conversation has no probative value because it was not the basis for his termination is unpersuasive: the conversation is probative in that it tends to show whether his participation in the Performance Improvement Plan process was in good faith. While Plaintiff's use of expletives and unkind language may paint him in a somewhat bad light, it is unlikely to inflame the passions of the jury such that they decide on an improper basis. Cf. United States v. Newsom, 452 F.3d 593, 603 (6th Cir. 2006). Any slight prejudicial effect from this language would not be sufficient to substantially outweigh the probative value of the recording, and could be cured through means other than full exclusion.

Because Plaintiff has waived any confidential marital communications privilege that would have applied to the recording, the recording is relevant under 401 and not unduly prejudicial under 403, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED** this 9th day of February, 2024.

    /s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE