# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **ROHAN PETERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 2:22-cv-02132-JPM-atc |
| v. ) | |
| ) | |
| **INTERNATIONAL PAPER** | |
| **COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER ON DEFENDANT'S MOTIONS IN LIMINE 2, 3, 4, 5, 6, 7, and 9

Before the Court are Defendant's Motions in Limine 2-7, and Defendant's Motion in Limine 9.  (ECF Nos. 83-88, 93.)  Also before the Court are Plaintiff's Responses to Defendant's Motions in Limine 2-7 and 9.  (ECF No. 97-102, 104.)

Plaintiff consents to Defendant's Motion in Limine 5 (evidence related to Plaintiff's severance agreement) and Defendant's Motion in Limine 7 (evidence related to other lawsuits where International Paper Company was a defendant) (ECF Nos. 100, 102, see also ECF Nos. 86, 88.)  Because Plaintiff has consented, these Motions are **GRANTED**.

For the reasons discussed below, Defendant's Motions in Limine 2, 3, and 6 are **GRANTED.**  Defendant's Motions 4 and 9 are **GRANTED IN PART AND DENIED IN PART.**  Also before the Court is Defendant's Motion in Limine 1, Plaintiff's Response to Defendant's Motion in Limine 8, and Defendant's Motion to Strike Plaintiff's Addendum.  These motions will be addressed in a separate order.

I. **LEGAL STANDARDS COMMON TO MULTIPLE MOTIONS**

Evidence is relevant where "it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403." United States v. Sanders, 95 F.3d 449, 453 (6th Cir. 1996.)

II. **ANALYSIS**

a. *Motion in Limine 2*

Defendant moves the Court to exclude Plaintiff from offering testimony or evidence relating to Plaintiff's previous employment at Ford. (ECF No. 83.) Defendant argues that because Plaintiff's employment with Ford ended more than ten years ago, this testimony is not relevant, would waste time, confuse or mislead the jury, or cause unfair prejudice. (Id. at PageID No. 1341.) Plaintiff argues that evidence on Plaintiff's prior performance at Ford "will be offered to rebut Defendant's reasons [for termination] as pretextual by demonstrating any lack of performance issues or discipline at Ford and International Paper in multiple decades as a pilot prior to Mark Audiss becoming his supervisor at International Paper." (ECF No. 97 at PageID 1456.)

The proffered testimony relates to Mr. Peters' employment over ten years ago, for a different company and in a different role. As such, it is not relevant to the present claims. See Stokes v. Xerox Corp., No. 05-71683, 2008 WL 275672, at *9 (E.D. Mich. Jan. 28, 2008). Even assuming relevance, the probative value of the absence of disciplinary action at a different company over a decade before the instant case is very low. Evidence offered on this point would

2

merely waste time and be needlessly cumulative where the Plaintiff also has points of comparison at International Paper with and without supervision by Mark Audiss. Because of the risk of wasting time, confusing the jury and the lack of probative value, Defendant's Motion is **GRANTED**.

    b. *Motion in Limine 3*

Defendant argues that Plaintiff should not be able to argue for punitive damages, or present evidence on punitive damages to the jury. (ECF No. 84.) Defendant argues that Plaintiff's Complaint "does not seek a claim for punitive damages . . . [and] Plaintiff never sought leave to amend the Complaint to include a claim for punitive damages. (Id. at PageID 1346.) As a result, Defendant argues that they "should not be required to defend a punitive damages claim when Plaintiff's Complaint never plead as such, and Defendant never had the opportunity to conduct discovery on the claim." (Id.) Defendant argues that they would be prejudiced by the late addition of a punitive damages claim first presented in the Proposed Joint Pretrial Order. (Id.)

Plaintiff counters that their statement in the Complaint requesting "any and all such other and further relief, both general and specific, as may be deemed just and proper" should be read to include punitive damages recoverable under Title VII. (ECF No. 98 at PageID 1460 (quoting ECF No. 1.).) They further argue that "Defendant has not presented any legal basis for a required heightened pleading requirement for punitive damages for Title VII claims" and that Plaintiff's arguments on the merits are not the province of a Motion in Limine, but is a "disguised . . . partial motion for summary judgment." (ECF No. 98 at PageID 1460.) Plaintiff does not provide citation for the proposition that a generalized savings clause such as that included in their Complaint would operate to provide notice of punitive damages claims.

3

Complaints must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Punitive damages need not be specifically pled. Ball v. Laboratory Corp. of America, 2023 WL 7222684, *2 (W.D. Ky. Nov. 2, 2023) (citing Figgins v. Advance Am. Cash Advance Ctrs. Of Mich., Inc. 482 F. Supp. 2d 861, 870 (E.D. Mich. 2007)). The purpose of the federal pleading standard is to provide defendants fair notice of the claims against them in satisfaction of constitutional due process. Id. (citing U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 503 (6th Cir. 2007) (internal citations omitted)). There is no evidence in the record, however, that Plaintiff's Complaint or any subsequent filings provided notice that they sought punitive damages in this case. Close examination of the docket reveals that punitive damages were referenced for the first time in Parties' Joint Proposed Pretrial Order, in Plaintiff's Questions of Law. (ECF No. 81.) The Complaint does not mention malice or reckless indifference by the Defendant, and gives no indication that Plaintiff alleges facts which would go to punitive damages. (ECF No. 1.) The extensive submittals at the summary judgment phase challenged nearly every specified damages claim in the Complaint (as well as some unspecified in the Complaint but expounded through interrogatories and the discovery process), and Parties had opportunity to challenge or rebut their legal validity in this case. As such, while outside the scope of a typical Motion in Limine, this issue was brought to the Court's attention at the Defendant's first opportunity: immediately after Plaintiff gave eve-of-trial notice through the Joint Proposed Pretrial Order.

Given the lack of notice, Plaintiff would be substantially prejudiced by the post-summary judgment addition of punitive damages claims. See Lotus Inds., LLC v. City of Detroit, 2019 WL 13199821, at *1 (E.D. Mich. 2019) (addition of punitive damages late in discovery impermissibly prejudicial). Nor are Plaintiff's claims for punitive damages likely to succeed: defendants in the

4

Sixth Circuit may avoid punitive damages liability by showing that they engaged in a "good-faith effort" to comply with Title VI. Parker v. Gen. Extrusions, Inc., 491 F.3d 596, 602-04 (6th Cir. 2007). Good faith efforts can be demonstrated where, as here, the Defendant employer investigated each claim, interviewing witnesses, examining relevant evidence, and providing detailed analysis. See Harris v. FedEx Corp. Servs., Inc., No. 23-20035 -- F. 4th –, *11 (5th Cir. 2024). Therefore, Plaintiff's Motion is **GRANTED**. Plaintiff may not present evidence or make argument on punitive damages.

   c. *Motion in Limine 4*

Defendant's Motion in Limine 4 seeks to exclude evidence related to Defendant's medical condition, dermatomyostitis, "an autoimmune disease affecting the skin and muscles" which caused him to seek leaves of absence for his medical condition at various times during his employment at International Paper. (ECF No. 85 (quoting ECF No. 75).) Defendant argues that because the Court has dismissed Plaintiff's claim for future medical expenses, Plaintiff's medical condition is not relevant under Federal Rule of Evidence 401, and creates substantially unfair prejudice against Defendant because "there is an acute risk [the jury] will erroneously believe that this somehow relates to Plaintiff's claims of retaliation, or this fact may engender sympathy for Plaintiff." (ECF No. 85 at PageID 1354.) Plaintiff "acknowledges that he has not alleged any adverse action based on any medical condition or disability and that he will not offer any evidence to prove any such assertion" but opposes the full exclusion of mention of Plaintiff's medical condition because it may be relevant "contextually to solve certain factual disputes regarding any retaliatory actions taken by Defendant." (ECF No. 99 at PageID 1464.)

Some of Plaintiff's factual disputes with Defendant over the incidents related to his Performance Improvement Plan that led to termination, and whether or not pre-termination

5

disciplinary incidents are pretextual, hinge on whether Defendant was given permission to engage in conduct because of his medical condition. Without analyzing each proposed incident and proffered testimony, it would be difficult to determine the relevance, and the probative/prejudicial balance of the evidence. As such, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART.** Plaintiff may not argue or introduce evidence that Plaintiff's medical conditions subjected him to any discriminatory action or failure to accommodate by Defendant, and may only introduce evidence of Defendant's dermatomyositis when it is relevant to rebut proffered non-pretextual reasons for disciplinary action.

d. *Motion in Limine 6*

Defendant moves the Court to preclude mention or admission of evidence "pertaining to the size, wealth, or financial condition of International Paper or the relative financial condition of International Paper compared to Plaintiff because it is not relevant, or is prejudicial under 403. (ECF No. 87.) Plaintiff argues that because he "is seeking punitive damages in this action, and the financial resources of a defendant may be considered in fixing the amount of such damages[]" and because of the statutory damages cap under Title VII, the size and financial position of International Paper is relevant and not unduly prejudicial.

Because Defendant's financial condition's only proffered relevance is for the purposes of calculating punitive damages, and given the Court's ruling on punitive damages *supra*, Defendant's Motion is **GRANTED.** Plaintiff may not introduce evidence or argument as to the size, wealth, or financial condition of International Paper, or the comparative financial condition of the Parties.

e. *Motion in Limine 9*

Defendant moves the Court for an order "precluding Plaintiff from offering any testimony, documents, evidence, argument, and/or comment during the proceedings related to the performance reviews of his co-workers." (ECF No. 93 at PageID 1430.) Defendant argues that Plaintiff's statements that other International Paper employees received "stellar remarks" on their performance reviews are outside of the scope of the personal knowledge of the Plaintiff, are barred by Federal Rule of Evidence 602, and are inadmissible hearsay under Rule 801. (ECF No. 93.)

Plaintiff counters that he has personal knowledge of the remarks, that statements should be admitted under the residual hearsay instruction in Federal Rule of Evidence 804 because "statements referenced by Defendant involve prior sworn testimony by Plaintiff, providing sufficient guarantees of trustworthiness" and meet the other requirements of the Federal Rules of Evidence. (ECF No. 104.) Both parties refer in submittals to "seeing" performance reviews, implying that they are documents.

Rule 1002 of the Federal Rules of Evidence requires that content of a writing be proved by submission of an original. Fed. R. Evid. 1002. But see Fed. R. Evid. 1003. Other evidence of content is admissible if the originals are lost or destroyed, an original cannot be obtained by any available judicial process, or "the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be the subject of proof at the trial or hearing; and fails to produce it at the trial or hearing[.]" Fed. R. Evid. 1004. Proponents may also prove the content of a writing from testimony or written statement of the party against whom the evidence is offered. Fed. R. Evid. 1007.

Plaintiff has not alleged that any of the exceptions under Rule 1004 apply. Further, the performance reviews are out of court statements offered for the truth of the matter asserted and are

7

not subject to the residual hearsay exception—the out of court statement is the statement embodied in the review itself, that an employer felt the performance of an individual was "stellar." While the Defendant's out of court statement in his deposition may have been made under conditions supported by some guarantees of trustworthiness, the hearsay within hearsay that makes this testimony inadmissible was not, and Plaintiff "can obtain through reasonable efforts"—such as discovery requests and interrogatories—the underlying documents required by Rule 1002. Defendant's requested relief, however, goes too far. Therefore, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may not himself testify, argue, or comment on performance reviews of his co-workers, and may not introduce his deposition as evidence of his co-worker's performance reviews. Plaintiff may introduce his co-worker's performance reviews through the original documents themselves or through other permissible means.

III. **CONCLUSION**

For the reasons discussed above, Defendant's Motions in Limine 2, 3, 5, 6, and 7 are **GRANTED.** Defendant's Motions 4 and 9 are **GRANTED IN PART AND DENIED IN PART.** The following is **ORDERED**:

1. Plaintiff and his attorneys shall refrain from presenting any testimony or evidence or making any direct or indirect mention at trial relating to the severance agreement offered to Plaintiff;

2. Plaintiff and his attorneys shall refrain from offering testimony or evidence relating to Plaintiff's previous employment at Ford;

3. Plaintiff and his attorneys shall refrain from discussing, presenting any evidence, arguing, or making any direct or indirect mention of any testimony, documents, or other

8

evidence relating to other lawsuits or claims (including EEOC charges) filed against International Paper;

4. Plaintiff may not argue or introduce evidence that Plaintiff's medical conditions subjected him to any discriminatory action or failure to accommodate by Defendant, and may only introduce evidence of Defendant's dermatomyositis when it is relevant to rebut proffered non-pretextual reasons for disciplinary action;

5. Plaintiff may not introduce evidence or argument as to the size, wealth, or financial condition of International Paper, or the comparative financial condition of the Parties;

6. Plaintiff may not argue for punitive damages, or present evidence on punitive damages to the jury;

7. Plaintiff may not himself testify, argue, or comment on performance reviews of his co-workers, and may not introduce his deposition as evidence of his co-worker's performance reviews. If properly authenticated, Plaintiff may introduce his co-worker's performance reviews through the original documents themselves or through other permissible means;

**IT IS SO ORDERED** this 13th day of February, 2024.

    /s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE